UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINNON TYSON,

        Plaintiff,

                                        Case No. 10-13693

v.

                                        HON. GEORGE CARAM STEEH

UNITED STATES,

        Defendant.
_____/

OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

        Plaintiff Linnon Tyson, appearing *pro se*, filed suit on August 11, 2010, in state court against Stacey Parker, a supervisor for the United States Postal Service (USPS). The complaint was removed to this court, where the United States replaced Parker as a defendant on September 16, 2010.  On November 17, 2010, the United States filed a motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  On November 30, 2010, the court ordered that there will be no oral hearing on this motion.  Plaintiff filed a response to the motion to dismiss.  For the reasons set forth below, the court GRANTS defendant's motion to dismiss.

BACKGROUND

        The USPS is an entity of the United States government.  Parker was a supervisor for the USPS and Tyson was an employee of the USPS when the claim arose.  Tyson asserts a defamation of character claim against Parker based upon an incident that occurred on April 29, 2010.  On that date, a meeting was held among USPS employees,

including Tyson and Parker, aimed at finding a position for Tyson compatible with undisclosed medical limitations.  Tyson claims, "Stacey Parker made [a] false allegation of a threat to her person on to postal police during a meeting that caused me [Tyson] harm."  Tyson's complaint is supported by an investigative affidavit that he submitted to the USPS, where he describes that the meeting lasted from 11:30 P.M. until 1:00 A.M., when he was escorted out of the building by USPS police without explanation.  It appears Tyson believes Parker lied to the USPS police in order to remove him from the building.

In its motion to dismiss, the United States argues that this court lacks subject matter jurisdiction based on sovereign immunity, which is not waived under the Federal Tort Claims Act (FTCA) for claims involving intentional torts such as slander or libel. The United States further argues that this court lacks subject matter jurisdiction because Tyson failed to exhaust his administrative remedies through the USPS before suing the United States, as required by the FTCA.  Finally, the United States argues that the case should be dismissed because references to HIPAA and a personal disability in the complaint do not state a cognizable claim that rises above the speculative level.

Tyson's response to the motion to dismiss cites USPS procedural guidelines and offers more information regarding the meeting from which the claim arose, but does not respond to defendant's arguments that the court lacks subject matter jurisdiction and that the complaint fails to state a claim.

STANDARD OF REVIEW

Rule 12(b)(1) motions fall into two general categories: facial attacks and factual attacks.  United States v. Richie, 15 F.3d 592, 598 (6th Cir. 1994).  A facial attack

challenges the sufficiency of the pleading. Id. The court must take all material

allegations in the complaint as true, and construe them in a light most favorable to the

nonmoving party. Id. A factual attack challenges the factual existence of subject matter

jurisdiction. Id. The court is free to weigh the evidence and satisfy itself as to the

existence of its power to hear the case because no presumptive truthfulness applies to

the factual allegations. Id. "Where subject matter jurisdiction is challenged ... the

plaintiff has the burden of proving jurisdiction in order to survive the motion." Rogers v.

Stratton Industries, Inc., 798 F.2d 913, 915 (6th Cir. 1986).

A 12(b)(6) motion tests whether a cognizable claim has been pleaded in the

complaint. In assessing a Rule 12(b)(6) motion, the district court must construe the

complaint in the light most favorable to the plaintiff and accept all factual allegations as

true. Ziegler v. IBP Hog Mkt., Inc., 249 F.3d 509, 512 (6th Cir. 2001). The factual

allegations of the complaint must be enough to raise a right to relief above the

speculative level, Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 555 (2007), and

"threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).

In cases where the plaintiff is *pro se*, courts generally will liberally construe the

complaint and do not hold it to the same stringent standard as formal pleadings drafted

by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Still, even *pro se* plaintiffs

must comply with the requirement to provide more than bare assertions of legal

conclusions. Grinter v. Knight, 532 F.3d 567, 577 (6th Cir. 2008).


ANALYSIS

3

A tort claim against the United States must be brought under the FTCA, which does not waive sovereign immunity for the tort of defamation.  Where sovereign immunity exists, the court lacks subject matter jurisdiction.  The court therefore lacks subject matter jurisdiction over Tyson's claim.  In addition, Tyson's failure to exhaust his administrative remedies before bringing suit bars his claim.  Lastly, if another claim is asserted within the complaint, it is dismissed because it does not rise above a bare assertion, unsupported by factual allegations.

A) The FTCA Does Not Permit A Claim Of Defamation Against The United States

Tyson's suit, properly understood as an FTCA claim against the United States, must be dismissed for lack of subject matter jurisdiction.  A plaintiff cannot bring suit against the United States without a waiver of sovereign immunity.  United States v. Testan, 424 U.S. 392, 399 (1976).  The FTCA provides district courts with jurisdiction over claims brought against the United States, subject to the provisions of chapter 171 of title 28,

> for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).  However, chapter 171 of title 28 provides exceptions to the waiver of sovereign immunity for intentional torts, such as libel and slander.  28 U.S.C. § 2680(h).

In Singleton v. United States, 277 F.3d 864, 868 (6th Cir. 2002), the plaintiff filed a complaint against his superior officer in the Ohio National Air Guard for defamation,

4

asserting the officer made false and defamatory statements to others about the plaintiff. Because the officer was acting within the scope of his employment, the United States substituted itself as the defendant.  Id.  The Sixth Circuit upheld the dismissal of the defamation claim for lack of jurisdiction, because the FTCA excepts certain torts, including defamation, from the waiver of sovereign immunity.  Id. at 872.

Here, the United States has substituted itself for the original defendant, Stacey Parker, who was acting in her role as a supervisor for the USPS when the claim arose. See Pl. Aff. 1.  Tyson claims that Parker, "made [a] false allegation of a threat to her person to postal police during a meeting that cause me [Tyson] harm."  Pl. Compl. Tyson begins his affidavit by stating, "Defamation of character... ," Pl. Aff. 1, suggesting that he is claiming defamation, just as the plaintiff in Singleton, where the Sixth Circuit upheld the dismissal for lack of subject matter jurisdiction because the FTCA excepts torts such as libel and slander from the waiver of sovereign immunity.  Thus, this court lacks subject matter jurisdiction over Tyson's FTCA claim.

B) Plaintiff's Claims Are Barred By His Failure To Exhaust His Administrative Remedies

Even if this court had jurisdiction, Tyson's claim is still barred because Tyson failed to exhaust administrative remedies before bringing suit, as required by the FTCA. The FTCA provides that,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).

In <u>Hoogerheide v. I.R.S.</u>, 637 F.3d 634 (6th Cir. 2011), a taxpayer sued the I.R.S. without first exhausting I.R.S.'s administrative remedies.  The terms and conditions for bringing suit in that case were defined in three parts: (1) if an employee recklessly, intentionally, or negligently violates a provision of the Internal Revenue Code, (2) damages may not be awarded unless the plaintiff has exhausted the administrative remedies available, and (3) sending an administrative claim in writing to the Area Director is one such administrative remedy.  <u>Id.</u> at 636-37.  The court found that the exhaustion requirement is a non-jurisdictional issue, mainly because the statute is silent regarding jurisdiction.  <u>Id.</u> at 637.  However, the court dismissed the claim because the United States timely raised failure to exhaust as a defense in its motion to dismiss.

In this case, there is no evidence that Tyson exhausted the USPS's administrative remedies.  Tyson does not allege in his complaint or affidavit that he ever presented his claim to the USPS before bringing suit against Parker.  In addition, the USPS National Tort Center Supervisor declared that Tyson never filed an administrative claim with the USPS.  <u>See</u> Decl. of Linda Crump ¶¶ 1, 4, 6.  While the government frames the exhaustion issue as a jurisdictional issue, there is no clear indication in the statute that Congress meant for the rule to be jurisdictional.  However, Tyson's claim is still barred because he cannot meet the FTCA's requirement that he exhaust his administrative remedies before bringing a claim against the United States.

<u>C) Other Putative Claims Are Dismissed For Failure To State A Claim</u>

If Tyson seeks to state a claim other than defamation, he failed to do so in his

6

complaint.  In his complaint, Tyson made passing references to HIPAA and an alleged disability but does not provide factual allegations upon which a claim could be based. He appears to base his complaint solely on defamation.  He references USPS procedure in his response to defendant's motion to dismiss, but again does not provide any allegations supporting his claim.

Because Tyson's complaint does not state any other claim on which relief can be granted, it is dismissed under Fed. R. Civ. P. 12(b)(6).  In recognition that Tyson is acting *pro se*, his complaint is dismissed without prejudice.

CONCLUSION

Because Tyson's defamation claim is barred by sovereign immunity, the court lacks subject matter jurisdiction over Tyson's claims and the complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(1).  Even if the court had jurisdiction over Tyson's claims, his claims are barred because of his failure to exhaust his administrative remedies.  In addition, because Tyson failed to make any other claims for relief that rise above the speculative level, the complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons provided, defendant's motion to dismiss is GRANTED and plaintiff's complaint is DISMISSED.

SO ORDERED.

Dated:  June 30, 2011

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and
Linnon Tyson, 14976 Archdale, Detroit, MI 48227 on

June 30, 2011, by electronic and/or ordinary mail.


s/Marcia Beauchemin

Deputy Clerk

---